UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13-109 (ESH) |
| | : | |
| v. | : | |
| | : | |
| TREVOR HOPKINS, | : | |
| DARNELL WALLACE | : | |
| DARIUS MCKEEVER | : | |
| KENNETH BENNY-DEAN | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Federal Rule of Evidence 404(b), to permit the introduction of evidence of prior criminal conduct on the part of the defendants, which is relevant in the instant case as proof of intent, plan, knowledge, identity and absence of mistake or accident. In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this motion.

As the U.S. Court of Appeals for the District of Columbia Circuit has recognized, "Federal Rule of Evidence 404(b) authorizes admission of '[e]vidence of other crimes, wrongs, or acts' provided it is offered not 'to prove the character of a person in order to show action in conformity therewith' but rather 'for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010) (quoting FRE 404(b)).

## I. The Defendants' Prior Criminal Conduct

At trial, the Government intends to present evidence regarding the prior convictions outlined below, pursuant to Federal Rule of Evidence 404(b).

Defendant Hopkins' prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
| --- | --- | --- | --- | --- |
| - Poss. Of a firearm during a crime of violence<br>- ADW | 2000-FEL- 599 | Superior Court-DC | 5 years | 2/09/01 |
| - Poss. Of CDS with intent to distribute | CT990961X | Prince George's County MD | 18 months | 8/24/99 |
| - Theft over $300 | CR0E00046872 | Prince George's County MD | 1 year | 5/26/99 |
| - Theft over $300 | | Prince George's County MD | 3 years | 8/15/97 |

Defendant Wallace's prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
| --- | --- | --- | --- | --- |
| Assualt 2nd Degree | | Prince George's County MD | 10 years | 6/16/10 |
| - CDS Poss. with intent to distribute | | Millersville, MD | 2 years | 12/23/05 |
| Manufact/Distribut CDS | | Prince George's County MD | 3 years | 6/6/97 |

Defendant McKeever' prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| - PCP Possession | 2010-CMD-13893 | Superior Court-DC | 14 months | 1/27/12 |
| - Dist. Controlled Substance | 2006-CF2-4000 | Superior Court-DC | 3 years | 12/12/06 |
| - Poss. Of Ammo<br>- PDP | 2003-FEL-3710 | Superior Court-DC | 4 years | 1/14/05 |

Defendant Benny-Dean's prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| - Theft | 03K12000141 | Baltimore MD | 3 years | 7/10/12 |
| - Assault 2nd degree | 4A00186673 | Anne Arundel MD | 730 days | 2/05/10 |

**II.     Methods of Production of This Evidence**   The government will seek to introduce this evidence through the testimony of civilian witnesses, law enforcement witnesses and/or via transcripts of the plea hearings as statements against penal interest and statements of a party opponent and/or via certified copies of the defendants' convictions .

**III.    Supporting Caselaw and Discussion**

Importantly, Federal Rule of Evidence 404(b) is one of "inclusion rather than exclusion." United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000).  While the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance: for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1206. "True, the evidence may tend to show that [the defendant] is a person of bad character, but Rule

404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), '<u>any</u> purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character.'"  <u>United States v. Cassell</u>, 292 F.3d 788, 795 (D.C. Cir. 2002) (quoting <u>United States v. Miller</u>, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

Furthermore, admission of 404(b) evidence is permitted in the government's case-in-chief.  Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and introduce similar act evidence in its case-in-chief.  See <u>United States v. Inserra</u>, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the Government's case-in-chief if it is apparent that the defendant will dispute that issue"); <u>United States v. Estabrook</u>, 774 F.2d 284, 289 (8th Cir. 1985) ("where it is made clear at the outset of the trial that the defendant's principal defense is a lack of knowledge or intent, and thus the issue is unarguably in dispute, the government may take the defendant at his word and introduce the evidence in its case-in-chief"); <u>United States v. Lewis</u>, 759 F.2d 1316, 1349 n. 14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); <u>cf.</u> <u>United States v. Bussey</u>, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

Such evidence must also comply with the strictures of Federal Rule of Evidence 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: (1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity; and, if so, (2)

whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). "Rule 403 does not bar powerful, or even prejudicial evidence. Instead, the Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value." United States v. Pettiford 517 F.3d 584, 590 (D.C. Cir. 2008) (emphasis and brackets in original) (internal quotation marks and citations omitted). As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" – even when other crimes evidence is involved. Moore, 732 F.2d at 989. See also Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").[1]

The highly probative value of this evidence is not substantially outweighed by potential prejudice to the defendants. Any potential prejudice is not unique to this case – where the government has shown a permissible non-propensity purpose – but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" Douglas, 482 F.3d at 601 (quoting Crowder II, 141 F.3d at 1210). Prejudice in this

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. As the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Id.

attenuated sense cannot justify a *per se* rule of exclusion.  See id.  The defense must show "compelling or unique" evidence of prejudice, Mitchell, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence.  This Circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury.  See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); Pettiford, 517 F.3d at 590 (D.C. Cir. 2008) (same); Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).  Thus, the evidence is not unduly prejudicial.

WHEREFORE, for the forgoing reasons, the United States respectfully requests that the Court permit the introduction of the government's proffered other crimes evidence at trial.

Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney

BY:        /s/
        EMORY V. COLE
        Assistant United States Attorney
        555 4th Street, N.W. Room 4213
        Washington, D.C. 20350
        (202) 252-7692
        Emory.Cole@usdoj.gov