UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13-109 (ESH) |
| | : | |
| v. | : | |
| | : | |
| TREVOR HOPKINS, | : | |
| DARNELL WALLACE | : | |
| DARIUS MCKEEVER | : | |
| KENNETH BENNY-DEAN | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANTS' PRIOR CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendants' prior convictions for impeachment purposes should the defendants elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.      The defendants have been charged in a one count indictment with Conspiracy to Interfere with Interstate Commerce By Robbery, in violation of 18 U.S.C. § 1951.  Defendant Hopkins' prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| - Poss. Of a firearm during a crime of violence<br>- ADW | 2000-FEL- 599 | Superior Court-DC | 5 years | 2/09/01 |
| - Poss. Of CDS with intent to distribute | CT990961X | Prince George's County MD | 18 months | 8/24/99 |
| - Theft over $300 | CR0E00046872 | Prince George's County MD | 1 year | 5/26/99 |
| - Theft over $300 | | Prince George's County MD | 3 years | 8/15/97 |

Defendant Wallace's prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Assualt 2nd Degree | | Prince George's County MD | 10 years | 6/16/10 |
| - CDS Poss. with intent to distribute | | Millersville, MD | 2 years | 12/23/05 |
| Manufact/Distribut CDS | | Prince George's County MD | 3 years | 6/6/97 |

Defendant McKeever' prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| - PCP Possession | 2010-CMD-13893 | Superior Court-DC | 14 months | 1/27/12 |
| - Dist. Controlled Substance | 2006-CF2-4000 | Superior Court-DC | 3 years | 12/12/06 |
| - Poss. Of Ammo<br>- PDP | 2003-FEL-3710 | Superior Court-DC | 4 years | 1/14/05 |

Defendant Benny-Dean's prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| - Theft | 03K12000141 | Baltimore MD | 3 years | 7/10/12 |
| - Assault 2nd degree | 4A00186673 | Anne Arundel MD | 730 days | 2/05/10 |

2.      Federal Rule of Evidence 609(a)(1) provides for the admission of prior convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendants' conviction clearly qualifies and meets the requirements of Rule 609(b). Should the defendants choose to testify, we seek to use this conviction, pursuant to Fed. R. Evid. 609, to impeach him.

3.      In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073. In United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980), the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

3

4. As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." Id. at 950 (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.

5. Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the Defendants in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does serious and recent offenses, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, the government respectfully notifies the defendants and the Court of its intent to use defendants' prior convictions for impeachment purposes, and respectfully requests that this Honorable Court grant the Government's Motion to Impeach the defendants' credibility with their prior convictions should they testify at trial.

                          Respectfully submitted,

                          RONALD C. MACHEN JR.
                          UNITED STATES ATTORNEY

BY:            /s/
                          EMORY V. COLE
                          Assistant United States Attorney
                          555 Fourth Street, N.W.
                          Washington, D.C. 20001
                          (202) 252-7692
                          Emory.Cole@usdoj.gov