UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| v. | ) Criminal No. 13-CR-00109 (ESH) |
| | ) |
| **TREVOR HOPKINS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION

Defendant Trevor Hopkins, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based on his claims of ineffective assistance of appellate counsel and sentencing error. (*See* Mot. Under § 2255 at 4 [ECF 167].) For the reasons stated herein, the petition will be denied.

## BACKGROUND

Hopkins was originally sentenced by this Court on December 12, 2013, to a term of 80 months' imprisonment following his guilty plea to a charge of interference with commerce by threat or violence, pursuant to 18 U.S.C. § 1951. He appealed, and the Court of Appeals for the District of Columbia remanded the case to this Court for re-sentencing in consideration of the potential application of sentencing entrapment. *See United States v. McKeever*, 824 F.3d 1113, 11125 (D.C. Cir. 2016). On remand, this Court concluded that while sentencing entrapment did not apply, it would vary downward and reduce Hopkins' sentence to 72 months' imprisonment, because although Hopkins was "perfectly comfortable with the idea of using weapons," it was nevertheless "[t]he police [who] brought up the weapons." (*See* Jan. 4, 2017 Sent. Tr. at 69:22–70:6 [ECF 160].)

Again, Hopkins appealed. The Court of Appeals denied his appeal on March 14, 2018, concluding that (1) the Court "clearly understood the difference between sentencing entrapment and sentencing manipulation," and applied that understanding in varying downward by less than the "gun bump"; (2) Hopkins' unpreserved claim regarding the Court's explanation of its sentencing choice failed, because he had not shown *any* error in the Court's explanation, let alone plain error; and (3) the 72-month sentence was not an abuse of the Court's discretion. *See United States v. Hopkins*, 715 F. App'x 20 (D.C. Cir. 2018).

Hopkins filed the instant motion *pro se* on October 11, 2019, claiming that his sentence should be vacated because his appellate attorney "did not raise sentencing entrapment properly," and because the Court did not grant him a sufficiently large downward variance in light of the sentencing entrapment. (*See* Mot. to Vacate at 4 [ECF 167].) On November 7, 2019, the Court requested that the United States respond to Hopkins' motion, which it did on December 2, 2019. (*See* Gov't Resp. [ECF 169].)

## ANALYSIS[1]

### I. Ineffective Assistance

A habeas petitioner such as Hopkins "may bring a claim of ineffective assistance of appellate counsel in federal district court." *Peete v. United States*, 942 F. Supp. 2d 51, 53 (D.D.C. 2013). To analyze such a claim in an appellate context the Court uses the formula articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Supreme Court has more recently articulated as requiring a petitioner show: (1) "his counsel was objectively unreasonable

---

[1] At the outset, the government argues that, as Hopkins filed his motion more than one year after his conviction was final, it is untimely and should be dismissed on that ground alone. (*See* Gov't Resp. at 5 [ECF 169].) As discussed below, the Court concludes that the arguments made in Hopkins' motion are meritless or otherwise procedurally barred, and thus it need not consider time limitations under § 2255.

2

. . . in failing to find arguable issues to appeal," and (2) "a reasonable probability that . . . he would have prevailed on his appeal" but for his counsel's conduct. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Here, Hopkins claims his appellate counsel was ineffective for failing to properly raise sentencing entrapment on appeal. (*See* Mot. at 4.) The Court disagrees. Hopkins' counsel did not fail to raise sentencing entrapment; to the contrary, she argued that sentencing entrapment applied in Hopkins' case and that this Court failed to appropriately apply the Circuit's mandate in not reducing his sentence further. *See, e.g.,* App. Br. at 18–19, D.C. Cir. Docket No. 17-3003 (Sept. 18, 2017) ("In light of the state of the record, the district court's findings of fact, and the law of the Circuit on sentencing entrapment, appellant asks this Court to remand the cause to the district court with instructions to impose a sentence in the range of 46-57 months."). The Court of Appeals rejected this argument. *See Hopkins*, 715 F. App'x at 21 ("While the District Court ruled that Hopkins had failed to establish sentencing entrapment, . . . it did find that the government's conduct constituted sentencing manipulation, and accordingly granted Hopkins's request for a variance by sentencing him as if his Guidelines range had been enhanced by three levels rather than five."). As a result, the Court concludes that Hopkins has failed to demonstrative constitutionally ineffective conduct, as is required under *Strickland*. *See Peete*, 942 F. Supp. 2d at 54 (rejecting habeas claim for ineffective assistance when appellate counsel explicitly addressed the argument with which petitioner took issue).

## II. Sentencing Error

Hopkins next argues that his motion should be granted because "law enforcement provided guns to [him]," and thus "a five[-]level downward variance equivalent to the gun bump is warranted." (*See* Mot. at 4.) The Court of Appeals has already considered and rejected this

argument. *See Hopkins*, 715 F. App'x at 21 (upholding new sentence while noting that this Court "expressly considered sentencing entrapment . . . [and] clearly understood the difference between sentencing entrapment and sentencing manipulation"); *see also id.* at 22 (concluding that this Court's decision to sentence Hopkins to 72 months' imprisonment was not substantively unreasonable). "[C]laims that were already raised and rejected on direct appellate review will not be entertained on a § 2255 motion absent extraordinary circumstances . . . ." *United States v. Palmer*, 902 F. Supp. 2d 1, 16 (D.D.C. 2012) (citing *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987)). Hopkins has not provided the Court with any such extraordinary circumstance, nor can the Court discern one. As a result, Hopkins' argument regarding this Court's decisions that sentencing entrapment did not apply and only a smaller downward variance was warranted are procedurally barred.

## CONCLUSION

Accordingly, and for the reasons stated above, the Court will deny Hopkins' § 2255 motion. A separate Order accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle

ELLEN S. HUVELLE
United States District Judge

Date: February 7, 2020